UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x
LESLIE JACKSON,
                         Plaintiff

    -against-

                                                 No. 15-CV-4167(ADS)(ARL)
LOWE'S COMPANIES, INC. and
DENNIS SHANLEY,

                   Defendant(s),
_____x

### Declaration of Jonathan A. Fink in Support of Motion to Withdraw as Counsel for Plaintiff

Under 28 U.S.C. §1746, I, Jonathan A. Fink, declare under penalty of perjury that the following is true and correct:

    1.    I am one of the attorneys for the Plaintiff, Leslie Jackson, in the above-referenced case.

    2.    I am making this declaration in support of the accompanying motion by the Bromberg Law Office, P.C. and Fink & Katz, PLLC ("the Law Offices"), and their attorneys, to withdraw as counsel for Plaintiff.

    3.    The Law Offices are making this motion because of irreconcilable differences with Plaintiff that make it impossible for the Law Offices to continue representing him.

    4.    Brian L. Bromberg, Esq. and I have advised Plaintiff – both orally and in a detailed letter sent by email – that we would be moving to withdraw and our reasons for withdrawing.

1

5. The letter is covered by attorney-client privilege, so we cannot provide a copy to the Court or to Defendants' counsel.

6. When we spoke with Plaintiff shortly after we sent him the detailed letter by email, we asked for his mailing address so we could send him a copy by Federal Express.

7. Plaintiff advised that he had sold his house and moved to the Dominican Republic.

8. Although he claimed that he frequently visited New York and was receiving mail at his aunt's house in New York, he claimed not to know her mailing address and would not give us his mailing address in the Dominican Republic.

9. Therefore, our only way of communicating with Plaintiff is by email and by cell phone.

10. Plaintiff asked to meet with us in person to discuss our reasons for withdrawing.

11. Mr. Bromberg and I agreed to meet with Plaintiff on September 26, 2016, but he did not show up.

12. When I called Plaintiff to ask why he had not appeared, he advised that he had gotten tied up and asked to reschedule for October 7, 2016.

13. I confirmed the appointment with Plaintiff the morning of October 7, 2016, but again he did not show up.

14. Since he missed his appointment on October 7, 2016, Plaintiff has stopped answering his telephone when I call, and he is not calling me in response to any of the messages I have left.

15. In other words, Plaintiff has broken off all contact and cooperation in this case.

16. Accordingly, the Law Offices are requesting permission to withdraw as Plaintiff's counsel.

17. The status of the case is that discovery has closed and the Final Pretrial Conference is scheduled for November 3, 2016, before the Honorable Arlene R. Lindsay.

18. Although Mr. Bromberg and I have spent considerable funds on travel and depositions, we are not asserting a retaining or charging lien.

19. My co-counsel, Mr. Bromberg, has asked Defendants' attorney, Henry Primavera, Esq., whether Defendants would oppose this motion or the stay-request, but he has not yet given us his client's response.

20. To avoid any prejudice to Plaintiff, I request that the Court stay all proceedings for 30 days to allow Plaintiff to find new counsel or to appear on his own behalf.

21. Because I have no way of reaching Plaintiff other than by email and by cell phone, I request permission to serve these papers by email upon Plaintiff at realthingmgt@yahoo.com and by sending a text to his cell phone, advising him to check his email..

22. Because of the nature of this application – a request to withdraw from representing a client who has broken off all communications – presents no novel issues of law, I ask that the requirement of submitting a separate memorandum in support be waived.

23. The basic law, under Local Civil Rule 1.4, is clear-cut:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

24. "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court." Stair v. Calhoun, 722 F.Supp.2d 258, 265 (E.D.N.Y. 2010) (internal citations omitted).

24. "The failure of a client to cooperate with counsel in the prosecution or defense of an action by, among other things, failing to communicate with counsel, has been found to be an adequate basis upon which to permit an attorney to be released from the obligation of continuing to represent the attorney's client. Furthermore, where an irreconcilable conflict has emerged between an attorney and the attorney's client, that too may support a determination by a court to allow withdrawal by the attorney." *Callahan v. Consolidated Edison Co. of New York, Inc.*, 2002 WL 1424593, *1 (S.D.N.Y. July 1, 2002)

4

5

25. Plaintiff has broken off all communications with counsel.

26. Under these circumstances, the Law Offices cannot proceed in representing him and respectfully ask to be relieved as counsel.

Dated: New York, New York
October 11, 2016

<u>/s/ Jonathan A. Fink</u>
Jonathan A. Fink

5