UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK
10/21/2016 2:10 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

--------------------------------------------------------------------------------x

LESLIE JACKSON,

                Plaintiff,

    -against-

LOWE'S COMPANIES, INC. and DENNIS SHANLEY,

                Defendant(s).

--------------------------------------------------------------------------------x

**Short Form Order**
15-cv-4167 (ADS)(ARL)

**APPEARANCES:**

**Bromberg Law Office, P.C.**
*Co-Counsel for the Plaintiff*
26 Broadway, 21st Floor
New York, NY 10004
      By:    Brian L. Bromberg, Esq.
             Jonathan R. Miller, Esq., Of Counsel

**Fink & Katz, PLLC**
*Co-Counsel for the Plaintiff*
299 Broadway, Suite 1803
New York, NY 10007
      By:    Jonathan A. Fink, Esq., Of Counsel

**Perry, Van Etten, Rozanski & Primavera, LLP**
*Attorneys for the Defendants*
538 Broadhollow Road, Suite 200
Melville, NY 11747
      By:    Henry M. Primavera, Esq.
             John J. Ulrich, Esq., Of Counsel

**SPATT, District Judge**:

The Plaintiff Leslie Jackson (the "Plaintiff") commenced this action against the Defendants

Lowe's Companies, Inc. ("Lowe's") and its employee Dennis Shanley ("Shanley," together with

Lowe's, "the Defendants"), alleging numerous theories of tort liability, including false

imprisonment; assault; battery; slander *per se*; intentional infliction of emotional distress, arising

from an alleged incident at a Lowe's retail store located in North Woodmere.

1

Presently before the Court is a motion, pursuant to Local Civil Rule 1.4, by the Plaintiff's attorneys, namely Brian L. Bromberg, Esq. and Jonathan R. Miller, Esq. of the Bromberg Law Office, P.C., and Jonathan A. Fink, Esq. of Fink & Katz, PPLC (collectively, "Plaintiff's Counsel"), seeking to be relieved as the attorneys of record for the Plaintiff in this matter.

For the reasons that follow, the motion is granted in its entirety.

## I.     RELEVANT BACKGROUND

Unless otherwise noted, the following salient facts are drawn from the supporting declaration submitted by Jonathan A. Fink, Esq.

On an unspecified date, attorneys Fink and Bromberg jointly sent a letter to the Plaintiff by e-mail advising him that they intended to seek leave of the Court to withdraw as his attorneys in this case.  In an apparent effort to protect information subject to the attorney-client privilege, Mr. Fink does not specify in his affidavit what reasons he and Mr. Bromberg gave the Plaintiff for seeking to withdraw.

In any event, Mr. Fink states that, shortly after sending this letter, he and Mr. Bromberg spoke to the Plaintiff on the telephone, at which time the Plaintiff informed them that he had sold his home and moved to the Dominican Republic.  According to Mr. Fink, the Plaintiff refused to provide counsel with his new address and denied knowing his Aunt's address in New York, where he was still receiving some mail.  Accordingly, at present, Plaintiff's Counsel state that their only way to communicate with the Plaintiff is by email and cell phone.

On an unspecified date, the Plaintiff requested a meeting with Mr. Fink and Mr. Bromberg, which was scheduled to occur on September 26, 2016.  However, the Plaintiff failed to appear on that date.

When Mr. Fink next contacted the Plaintiff, he claimed to have "gotten tied up" and asked that the meeting be rescheduled for October 7, 2016. Mr. Fink agreed, but on the date in question, the Plaintiff again failed to appear.

According to Mr. Fink, since that date, namely, October 7, 2016, the Plaintiff has not answered counsel's telephone calls or responded to their messages.

Based on these facts, Plaintiff's Counsel contends that "irreconcilable differences" have arisen between them and the Plaintiff, resulting in a total breakdown of contact and cooperation. Complicating matters, discovery in this action has closed, and a final pretrial conference is scheduled to occur before United States Magistrate Judge Arlene R. Lindsay on November 3, 2016. Under these circumstances, Plaintiff's Counsel seek to immediately withdraw from representing the Plaintiff.

## II. DISCUSSION

Local Civil Rule 1.4 states that:

> An attorney who has appeared as attorney of record for a party may be relieved . . . only by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In this District, "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." United States v. Lawrence Aviation Indus., No. 06–CV–4818, 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). In this regard, satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." Naguib v. Pub. Health Solutions, No. 12–CV–2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting

a withdrawal motion where the client refused to communicate and cooperate with counsel, including failing to appear for her deposition); see also Liang v. Lucky Plaza Rest., No. 12–CV–5077, 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (permitting withdrawal where client refused to cooperate in the prosecution of his case); Munoz v. City of New York, No. 04–CV–1105, 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); Fischer v. Biman Bangladesh Airlines, No. 96–CV–3120, 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.").

In this case, the Court finds that Plaintiff's Counsel has sufficiently demonstrated satisfactory reasons to withdraw from further representing the Plaintiff in this matter. In particular, Mr. Fink's uncontroverted affidavit indicates that the Plaintiff has totally ceased to cooperate or communicate with his attorneys, despite multiple attempts on their part to do so. In addition, the Plaintiff has apparently left the country permanently, and has not provided his counsel with a valid forwarding address. In the Court's view, these circumstances have rendered it unreasonably difficult for Plaintiff's Counsel to carry out their employment effectively.

In accordance with Rule 1.4, Mr. Fink states that, despite having spent considerable funds on travel and depositions in this case, Plaintiff's Counsel do not intend to assert a retaining or charging lien.

However, by Mr. Fink's own admission, Plaintiff's counsel did not serve a copy of the motion to withdraw on the Plaintiff as required under Rule 1.4 using traditional methods of service. Plaintiff's counsel emailed the motion to withdraw to the Plaintiff and sent him text messages

telling him to check his email. Nonetheless, the Court finds that Plaintiff's counsel properly served the Plaintiff. FED. R. CIV. P. 4(e) provides for service on an individual in the United States according to the laws of the state where the district court is located. Under New York law, where service according to traditional methods is impracticable, service may be made "in such manner as the court, upon motion without notice, directs." Fortunato v. Chase Bank USA, N.A., No. 11–CV–6608, 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012) (quoting N.Y. C.P.L.R. 308(5)). "Section 308(5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute. The meaning of 'impracticability' depends upon the facts and circumstances of the particular case." S.E.C. v. HGI, Inc., No. 99–CV–3866, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999).

Courts have found that service by email is sufficient, especially where the client has made service by other means impossible. See In re Club Ventures Investments LLC, 507 B.R. 91, 99 (S.D.N.Y. 2014) (stating that "a district court has broad discretion to fashion the means by which a party may be served" in a bankruptcy proceeding where the bankruptcy court emailed the debtor because other forms of service were impracticable); see also Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (observing the object of service should be notice of the proceedings and an opportunity to voice objections); compare Lukensow v. Harley Cars of N.Y., 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (noting "any inability to receive actual notice of the proceedings was of plaintiffs' own doing" where a plaintiff did not receive actual notice of a motion to dismiss for failure to prosecute).

Given the extraordinary occurrences here, including the fact that the Plaintiff moved to the Dominican Republic and refused to provide his new address; that the attorneys allegedly do not

know the only mailing address in New York where the Plaintiff still receives mail; and that Plaintiff's counsel has previously corresponded with the Plaintiff via email; the Court finds that Plaintiff's counsel's efforts to serve the Plaintiff through a known email address are sufficient to provide notice under Rule 1.4 and the Federal Rules of Civil Procedure. See Lemus v. Manhattan Car Wash, Inc., No. 06–CV–15486, 2010 WL 1372705, at *15 (S.D.N.Y. Mar. 26, 2010) (stating that in a factually similar case, a motion to withdraw could be served on an uncooperative client via mail to his last known address and by email).

### III.  CONCLUSION

Based on the foregoing, the Court, in its discretion, grants the motion by Plaintiff's Counsel for leave to withdraw as counsel in this matter. The Clerk of the Court is respectfully directed to terminate the appearances of Brian L. Bromberg, Esq.; Jonathan R. Miller, Esq.; and Jonathan A. Fink, Esq.

Further, the Court is staying this case for a period of 30 days to permit the Plaintiff to retain new counsel or advise the Court that he intends to proceed in this litigation *pro se*. The attorneys are directed to serve a copy of this decision to the Plaintiff via mail to his last known address and by email. If, by November 21, 2016, the Plaintiff has not appeared by newly-retained counsel or otherwise clearly indicated his desire to proceed *pro se*, the Court will consider a motion by the Defendants to dismiss this action for failure to prosecute under FED. R. CIV. P. 41(b).

It is **SO ORDERED:**

Dated: Central Islip, New York
      October 21, 2016               _____*/s/ Arthur D. Spatt*_____
                                      ARTHUR D. SPATT
                           United States District Judge