

AMANDA M. PRENTICE
Associate
(212) 415-9349
prentice.amanda@dorsey.com

March 6, 2017

**VIA ECF**

The Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Leslie Jackson v. Lowe's Companies, Inc. and Dennis Shanley, 15-cv-04167 (ADS) (ARL)*

Dear Magistrate Judge Lindsay:

      We represent *pro bono* Plaintiff Leslie Jackson in the above-captioned matter.  Pursuant to your Individual Rule 1(d), Plaintiff submits this request for an extension of time of 60 days to file his pre-trial order and to conduct additional and limited discovery in this case.  We have conferred with Counsel for Lowe's Companies, Inc. ("Lowe's"), Henry Primavera, about this request.  He has indicated he does not consent to a limited re-opening of discovery but that he will consent to the 60-day extension of time to file Plaintiff's pre-trial order, to May 10, 2017.

      As the Court is likely aware, it has taken some time to get up to speed on this case and to meet with our client, as well as correspond with former counsel, Brian L. Bromberg and Jonathan A. Fink, due to their work and travel schedules, and to receive documents from them, as well as to correspond with counsel for Defendant, Henry Primavera.  After having reviewed all of the documents in our possession, we recognize that we lack a couple of critical documents, which we need to fairly represent Plaintiff at trial.  At least one of these items was ordered to be produced by Your Honor at the January 12, 2017 conference, but to our knowledge, has still not been produced, and Counsel for Lowe's has stated he will not provide this information absent the Court's order.

      First, at the January 12, 2017 conference, the Court ordered "the regular inventory tape of purchases from registers No. 2 and the Contractor Desk, for the time frame plaintiff was in the store, once again be provided to plaintiff."  (Dkt. No. 32).  Further, the Court stated, "You are to give him the register printout for the two registers, number 2 and the contractor's desk, for the period from the time he went into the store at the first time, to the period that he left the store the second time." (Jan. 12, 2017 Tr. at 20:23-21:2, attached hereto as Exhibit A).  On February 27, 2017, I received a document from Counsel for Lowe's entitled "'Register Number 3 Prod.PDF,' which reflects all sales at the contractor register between 7:53 a.m. and 7:54 a.m. at the subject Lowe's Home Center." *See* Ex. B.



The Honorable Arlene R. Lindsay
March 6, 2017
Page 2

However, upon viewing the video evidence in this case, it appears that Mr. Jackson was in the store between 7:53 a.m. and 8:04 a.m.[1] When I spoke with Mr. Primavera over the telephone on February 28, he stated that there may have been a typo in the letter.  Further, the time stamps on the purchases provided appear to be from between 7:51 a.m. and 7:54 a.m.  When asked why Lowe's did not also provide the same documentation for purchases made at Register Number 2 for the time frame in which Mr. Jackson made his first purchase, Counsel for Lowe's claimed that is not what the Court ordered, and refused to provide it.

Accordingly, we request the Court to direct Defendant to confirm that it has provided the full record of sales at the Contractor's desk from 7:53 a.m. until 8:04 a.m. and to produce the records in full if they are incomplete, and further direct Defendant to produce documentation for sales made at Register Number 2 from the time period of Mr. Jackson's first purchase, *i.e.*, from the beginning of the tape, at 7:44 a.m. until 7:50 a.m.[2], when Mr. Jackson is seen exiting the store for the first time.

Second, Plaintiff requests the production of all interior lumber department video footage in possession of Defendant for the time frame of 7:59 a.m. until 8:02 a.m. on December 20, 2012.  Plaintiff is seen on camera by the cash registers at 7:59 a.m. and is not seen again until 8:02 a.m.  Moreover, Plaintiff requests that Defendant provide the exterior video footage up through and including the time he was apprehended by Lowe's employees, Arvin Budram and Dennis Shanley.  This time frame would be approximately from 8:04 a.m. until 8:35 a.m., when Mr. Shanley reported apprehending Mr. Jackson.

Third, Plaintiff requests a diagram or layout of the lumber department's cash registers that were operational on December 20, 2012, which are not clearly visible from viewing the video surveillance tape provided by Lowe's.  In addition, Plaintiff requests the same document or layout of the lumber department's cash registers as they exist in the present day, if the layout has changed.

Fourth, Plaintiff requests leave to subpoena the Nassau County Police Department and the District Attorney's office for any records they have regarding the incident in question.

Fifth, in connection with the additional documentation requested be provided to the Plaintiff, from the cash register inventory documents to the layout or plan of the cash registers in the lumber department, Plaintiff requests a limited deposition of a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), who can testify as to the meaning of each of the columns contained in the cash register purchase logs, and whether or not there is any indication of whether a purchase was made in cash or by credit or check, and who can testify as to the layout of cash registers in the lumber department and where they were functional on December 20, 2012, and where they were not functional.

---

[1] However, the video footage obtained by Plaintiff indicates the times 12:53 and 1:04, although Mr. Primavera indicated this was not the correct time of the video footage.
[2] Again, the video footage in Plaintiff's possession indicates the times as 12:44 and 12:50.



The Honorable Arlene R. Lindsay
March 6, 2017
Page 3

      We look forward to hearing from Your Honor about this limited request to re-open discovery in this case and for an extension of time until May 10, 2017 to file Plaintiff's pre-trial order. If preferred, we are happy to schedule a conference to discuss these issues.

      Respectfully submitted,

      /s/ Amanda M. Prentice

      Amanda M. Prentice

cc:    All Counsel of Record (via ECF)