

AMANDA M. PRENTICE<br>
Associate<br>
(212) 415-9349<br>
prentice.amanda@dorsey.com

March 8, 2017

**VIA ECF**

The Honorable Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Leslie Jackson v. Lowe's Companies, Inc. and Dennis Shanley*, 15-cv-04167 (ADS) (ARL)

Dear Magistrate Judge Lindsay:

    We wish to follow up on counsel for Lowe's Companies, Inc. and Dennis Shanley's (collectively, "Lowe's") letter dated March 7, 2017 (Dkt. No. 42).

    First, while I did not receive any voicemails from counsel for Lowe's regarding the production of cash register invoices for Cash Register Number 2, we are appreciative of Lowe's efforts to cooperate in that regard. However, we stress that our understanding of Your Honor's Order (Dkt. No. 32 and Ex. A to Plaintiff's March 6, 2017 Letter (Dkt. No. 41-1, Tr. at 20:23-21:2)) clearly required Lowe's to also produce the same records for the time period in which Plaintiff first entered the store, *i.e.*, from the first purchase. While Lowe's position is that this record is not relevant, Plaintiff believes it is relevant to demonstrate the approximate time in which he bought the first items, the item descriptions, and amount of the sale, since, as the Court is aware, Plaintiff's claim is that he made two separate purchases, but that he no longer has the receipts from these purchases because they were retained by Lowe's or the Nassau County Police. We accordingly ask the Court to direct Lowe's to immediately produce the cash register invoices from Register Number 2 for the time period from 7:44 a.m. until 7:50 a.m. on December 20, 2012.

    Second, with respect to video footage Lowe's counsel represented does not exist, Plaintiff requests the ability to ask a Lowe's corporate witness questions regarding its document retention policy as well as the placement of cameras in the Lowe's store at issue.

    Third, with respect to Plaintiff's request for a diagram of the layout of the cash registers in the lumber department on December 20, 2012, we believe this information is highly probative to the claims and defenses in this action, particularly in light of the fact that no witness was deposed regarding the specific placement of the cash registers as they existed on December 20, 2012, and the video does not capture Mr. Jackson for almost two minutes near the cash registers during the time of the second purchase. Moreover, Lowe's has not stated this



The Honorable Arlene R. Lindsay
March 8, 2017
Page 2

information does not exist, nor that it is overly burdensome to produce.  Accordingly, we request the Court to direct Lowe's to provide a layout of the cash registers as they existed on December 20, 2012, and, to the extent the layout has changed, a layout diagram of the cash registers as they exist in the present day.

With respect to Plaintiff's fifth request, we believe there is no alternative, efficient means to understand the cash register records that Lowe's has just produced, beginning on February 28, 2017, and from which Plaintiff is still awaiting complete records, than to take a short, limited 30(b)(6) deposition of a Lowe's corporate witness regarding the meaning of each of the columns of data presented in this document, and as to whether the document reflects whether purchases were made in cash or by credit card or check.  Moreover, to the extent the Court grants our request, this witness can also efficiently testify as to the layout of the cash registers in the lumber department that were functional on December 20, 2012.  We believe this testimony will be highly relevant to the parties' claims and defenses and will not overly burden Lowe's.

We strongly disagree with Lowe's suggestion that if the Court grants this limited additional discovery, it will lead to a "slew" of additional discovery requests (Dkt. No. 42 at 2).  In any event, the Court can allay Lowe's concern in this regard by limiting the re-opening of discovery to these discrete requests.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,

/s/ Amanda M. Prentice

Amanda M. Prentice

cc:     All Counsel of Record (via ECF)