UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LESLIE JACKSON,

                         Plaintiff,

                                                                                                          **ORDER**
                -against-                                                     15-CV-4167 (ADS) (ARL)

LOWE'S COMPANIES, INC. and DENNIS SHANLEY,

                         Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Plaintiff Leslie Jackson ("Plaintiff") commenced this action on July 15, 2015, against defendants Lowe's Companies, Inc. ("Lowe's") and its employee Dennis Shanley ("Shanley," collectively, "Defendants"), alleging numerous theories of tort liability, including false imprisonment; assault; battery; slander per se; and intentional infliction of emotional distress, arising from an alleged incident at a Lowe's retail store located in North Woodmere. Before the Court is Plaintiff's letter request for a 60-day extension of time to file the joint pretrial order and to conduct limited discovery. Defendants consent to a 60-day extension of time to file the joint pretrial order but do not consent to a limited re-opening of discovery. A brief procedural history follows.

      On October 21, 2016, Judge Spatt granted Plaintiff's attorney's motion to withdraw as counsel and stayed the case for 30 days to permit Plaintiff to either retain new counsel or advise the Court that he intends to proceed *pro se*. ECF No. 25. On November 10, 2016, Judge Spatt granted Plaintiff's request to proceed *pro se* and directed the parties to contact the undersigned for the purpose of scheduling the final conference.

      By Order dated November 16, 2016, this Court directed the parties to submit a joint status report outlining what, if any, discovery remained and scheduled the final conference for January 12, 2017. On January 12, 2017, the parties appeared before the undersigned; Plaintiff appeared *pro se*. The Court's minute entry reads as follows:

> The Court directed the regular inventory tape of purchases from registers No. 2 and the Contractor Desk, for the time frame plaintiff was in the store, once again be provided to plaintiff. Mr. Jackson is directed to provide a list of his trial exhibits and witnesses to defense counsel on or before January 20, 2017. On or before January 30, 2017 the defendant shall submit the proposed joint pretrial order. There being no opportunity to settle and no anticipated motion practice, the matter is returned to the District Court.

ECF No. 32.

On January 26, 2017, Defendants submitted a proposed pretrial order, but there was no indication that Plaintiff had an opportunity to review or approve it. The Court therefore rejected the proposed order and directed the parties to resubmit one on or before February 17, 2017.

On February 17, 2017, pro bono counsel appeared on behalf of the Plaintiff and requested an extension to March 27, 2017 to file a pretrial order and to receive the documents Defendants were directed to provide in the Court's January 12, 2017 Order. ECF No. 39. By Order dated February 21, 2017, Plaintiff's request was granted.

Plaintiff now seeks additional discovery. The Court rules as follows:

1. As previously directed by the Court, Defendants are directed to provide the full sales records from 7:44 a.m. to 7:50 a.m. as well as from 7:53 a.m. to 8:04 a.m. Defendants shall produce this information to Plaintiff on or before April 6, 2017.

2. With regard to Plaintiff's request for video footage, defense counsel states that all video depicting Plaintiff has already been produced. According to Plaintiff, the video provided does not capture Plaintiff for almost two minutes. Plaintiff may depose a Lowe's corporate witness regarding its retention policy as well as the placement of the cameras.

3. Defendants are directed to produce a layout of the cash registers as they existed on December 20, 2012, and to the extent the layout has changed, a layout diagram of the cash registers as they exist in the present day. Defendants shall produce this information to Plaintiff on or before April 6, 2017.

4. Plaintiff's request for leave to subpoena the Nassau County Police Department and the District's Attorney's Office for any records which are not privileged they may have regarding the incident in question is granted. If the records sought have been sealed pursuant to state law then plaintiff must first proceed in state court to seek unsealing.

5. Plaintiff's request for a limited Rule 30(b)(6) deposition is granted.

In order to provide the parties an opportunity to comply with this Order, the scheduling order is modified as follows: All discovery, inclusive of expert discovery, is to be completed by May 19, 2017. The deadline to commence dispositive motion practice is extended to June 2, 2017. The final conference is adjourned to June 15, 2017 at 11:30 a.m. The parties are directed to electronically file a proposed joint pretrial order, in compliance with the district judge's individual rules, signed by counsel for each party, prior to the conference.

The parties are advised that no further adjournments will be granted.

Dated: Central Islip, New York                **SO ORDERED:**
       March 23, 2017

                                              _____/s_____
                                              ARLENE R. LINDSAY
                                              United States Magistrate Judge